UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



—————————————————————X

VADIM DANILOV,

           Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER
LUKE DENESOPOLIS, shield # 0392, POLICE
OFFICER MIKE CIVIL, shield # 2114, POLICE
OFFICER ANDREA SIMMONDS, shield # 3311,
POLICE OFFICERS JOHN/JANE DOE(S),
70th precinct.

           Defendants.

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

**BRODIE, J.**

BLOOM, M.J

—————————————————————X

PLAINTIFF VADIM DANILOV, by his attorney DAVID A. ZELMAN, ESQ., for his

COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF VADIM DANILOV (hereinafter

    "DANILOV") seeks damages to redress the deprivation, under color of state law, of

    rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the

    United States Constitution.  On or about September 12, 2012, at approximately 10:30

    P.M., at or near 555 Ocean Parkway, Brooklyn, New York, DANILOV was falsely

    arrested by Defendants, including, but not limited to, POLICE OFFICER LUKE

    DENESOPOLIS, shield # 0392, POLICE OFFICER MIKE CIVIL, shield # 2114,

    POLICE OFFICER ANDREA SIMMONDS, shield # 3311, and POLICE OFFICERS

    JOHN/JANE DOE(S) (hereinafter "Defendants").  It is alleged that Defendants falsely

    arrested DANILOV, used excessive force in effecting his arrest, and excessively detained

him prior to arraignment in violation of his constitutional rights. As a result of the excessive force used by Defendants, DANILOV suffered physical and mental injuries.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.      DANILOV at all times relevant hereto resided in Kings County, New York.

4.      Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.      Defendant POLICE OFFICER LUKE DENESOPOLIS, shield # 0392 (hereinafter "DENESOPOLIS") was a NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DENESOPOLIS is sued in his official and individual capacity.

6.      Defendant POLICE OFFICER MIKE CIVIL, shield # 2114 (hereinafter "CIVIL") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CIVIL is sued in his official and individual capacity.

2

7.    Defendant POLICE OFFICER ANDREA SIMMONDS, shield # 3311 (hereinafter "SIMMONDS") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SIMMONDS is sued in his official and individual capacity.

8.    Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

9.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

IV. FACTS

10.   On or about September 12, 2012, at approximately 10:30 P.M., DANILOV was sitting in the driver's seat of a vehicle. DANILOV had parked the car in front of an apartment building located at 555 Ocean Parkway, Brooklyn, New York while waiting for a friend to join him.

11.   An unmarked Dodge minivan pulled up next to DANILOV and he was approached by DENESOPOLIS.

12.   DENESOPOLIS asked DANILOV to exit the vehicle and sit on the rear bumper.

3

13.    DENESOPOLIS and other defendant officers searched DANILOV's vehicle and

allegedly located a Percocet pill, which was prescribed to DANILOV by his doctor for

back pain.

14.    Officers handcuffed and arrested DANILOV in front of family, friends and members of

the local community. Officers shoved Danilov inside of the minivan, causing his legs

and back to strike the bottom and door of the vehicle.

15.    While inside the minivan, officers demanded that DANILOV divulge information

regarding local drug and gun dealers.

16.    After insisting that he knew nothing about local drug and gun dealers, DANILOV was

transported to the 70th precinct and held in a cell for several hours before being

transported to central booking.

17.    DANILOV was held at central booking for several hours before being transported to

SUNY Downstate Medical Center at Long Island College Hospital due to back pain.

18.     After being prescribed and administered Percocet for his pain, DANILOV was placed in

a van to be transferred back to central booking.

19.    DANILOV was held at central booking without food or water until being released at

approximately 6:30 P.M on September 13, 2012, approximately 20 hours after being

detained.

20.    DANILOV was not charged with any crime.

### V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

21.    Paragraphs 1 through 20 of this complaint are hereby realleged and incorporated by

reference herein.

22.   That Defendants had neither valid evidence for the arrest of DANILOV nor legal cause or excuse to seize and detain him.

23.   That in detaining DANILOV without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. DANILOV was but one of those persons.

24.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25.   As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

26.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of DANILOV's rights alleged herein.

27.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of DANILOV's rights, subjected DANILOV to an unlawful detention, in violation of the Fourth and

5

Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28. By reason of the foregoing, DANILOV suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

29. Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

31. That Defendants had no legal cause or reason to use excessive force in effectuating DANILOV's arrest.

32. That Defendants violated DANILOV's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

33. That at the time of the arrest or while in custody, DANILOV did not pose a threat to the safety of the arresting officers.

34. That DANILOV was not actively resisting arrest or attempting to evade arrest.

35. That defendant CITY, through its officers, agents, and employees, unlawfully subjected DANILOV to excessive force while effectuating his arrest.

36. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

37. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of DANILOV's rights,

6

subjected DANILOV to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

38.    That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of DANILOV's civil rights, including but not limited to the right to be free from the application of excessive force.

39.    That upon information and belief, in 2012, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

40.    That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

41.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of DANILOV's rights alleged herein.

43.    By reason of the foregoing, DANILOV suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants had no legal cause nor excuse to detain DANILOV for a prolonged period prior to arraignment.

46. That Defendants detained DANILOV excessively prior to arraignment in violation of DANILOV's civil rights.

47. That Defendants detained DANILOV with ill will and/or negligently.

48. That Defendants should have expeditiously investigated this matter and released DANILOV.

49. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of DANILOV's rights, deprived DANILOV of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

50. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

51. That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

52. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

8

53.    That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

54.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of DANILOV's rights alleged herein.

55.    That Defendant, through its officers, agents and employees, unlawfully incarcerated DANILOV for an excessive period of time prior to arraignment.

56.    By reason of the foregoing, DANILOV suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, DANILOV has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, DANILOV respectfully requests that judgment be entered:

1.    Awarding DANILOV compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding DANILOV punitive damages in an amount to be determined by a jury;

3. Awarding DANILOV interest from September 12, 2012 and

4. Awarding DANILOV reasonable attorney's fees pursuant to 42 USC ' 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:        Brooklyn, New York
              October 17, 2012

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

10